THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/444-5800
Facsimile:    415/444-5805

Attorneys for Plaintiffs
DAREN HEATHERLY and IRMA RAMIREZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAREN HEATHERLY and  IRMA RAMIREZ,<br><br>     Plaintiffs,<br><br>v.<br><br>ROYAL GROUND COFFEE; CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE,<br><br>    Defendants. | **CASE NO. CV-13-0132-EDL**<br><br>**Civil Rights**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ complain of defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' ROYAL GROUND COFFEE, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff  DAREN HEATHERLY and plaintiff  IRMA RAMIREZ each is a person with physical disabilities who, on or about June 14, 2012, August 3, 2012, and October 11, 2012, was an invitee, guest, patron, customer at defendants' ROYAL GROUND COFFEE, in the City of San Francisco, California.  At said time(s) and place, defendants failed to provide proper legal access to the ROYAL GROUND COFFEE, which is a "public accommodation" and/or a "public facility" including, but not limited to entrance, dining area, path of travel and restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff DAREN HEATHERLY and plaintiff  IRMA RAMIREZ each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 2342 Clement, in the City of San Francisco, County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff DAREN HEATHERLY and plaintiff  IRMA RAMIREZ each  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff DAREN HEATHERLY and plaintiff  IRMA RAMIREZ each is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and Diabetes. Plaintiff DAREN HEATHERLY relies primarily on a wheelchair to travel about in public. Plaintiff IRMA RAMIREZ suffers from Post-polio syndrome.  Plaintiff IRMA RAMIREZ relies primarily on a wheelchair to travel about in public.

///

///

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6. **DEFINITIONS:**

a. **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

b. **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered. They can include but are not limited to the following examples: parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.
(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///
///
///

c. **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d. **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e. **PHYSICAL FEATURES** - Are synonymous with "Elements."

f. **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g. **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

h. **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a singe, stationary wheelchair and occupant.

i. **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

j. **ACCESSIBLE SPACE/PATH OF TRAVEL -** Space that complies with ADAAG guidelines.

k. **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

7. Defendant CARL K.F. LEE, is the owner of the real property (land and building) located at or near 2342 Clement, San Francisco, California.

8. Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as ROYAL GROUND COFFEE, located at/near 2342 Clement, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9. At all times relevant to this complaint, defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, own and operate in joint venture the subject ROYAL GROUND COFFEE as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

///

10. At all times relevant to this complaint, defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE are jointly and severally responsible to identify and remove architectural barriers at the subject ROYAL GROUND COFFEE pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201** **General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. The ROYAL GROUND COFFEE, is a restaurant, located at/near 2342 Clement, San Francisco, California. The ROYAL GROUND COFFEE, its entrance, dining area, path of travel and restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the ROYAL GROUND COFFEE and each of its facilities, its entrance, dining area, path of travel and restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

///

///

///

///

///

12. On or about April 23, 1996 and December 3, 2010, defendants' and each of them purchased and/or took possessory control of the premises now known as ROYAL GROUND COFFEE. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that ROYAL GROUND COFFEE was not accessible to the disabled. Nevertheless, defendants' and each of them, operated ROYAL GROUND COFFEE as though it was accessible.

13. At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ROYAL GROUND COFFEE as being handicapped accessible and handicapped usable.

15. On or about June 14, 2012, August 3, 2012, and October 11, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIRIEZ each was an invitee and guest at the subject restaurant, ROYAL GROUND COFFEE, for purposes of food and beverage. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

16. On or about June 14, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers and had the following adverse experiences at the entrance to ROYAL GROUND COFFEE: Plaintiff DAREN HEATHERLY was unable to open the door because of excessive door pressure and non-levered hardware which he had difficulty grasping; and plaintiff IRMA RAMIREZ struggled to open the door due to excessive door pressure.

///
///
///
///

As a legal result of plaintiffs encountering these architectural barriers, plaintiffs had the following adverse experiences, including but not limited to: Plaintiff DAREN HEATHERLY was unable to open the entrance door due to the excessive door pressure and non-levered hardware which caused him difficulty, discomfort, struggle, stress, strain, embarrassment, annoyance and disappointment; and Plaintiff IRMA RAMIREZ struggled to open the entrance door due to the door pressure which caused her discomfort, difficulty, annoyance, stress, strain and disappointment.

17.     At said time and place,  plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers and had the following adverse experiences in the dining area of ROYAL GROUND COFFEE: inaccessible tables due to round table pedestal bases that prevent a wheel chair from rolling underneath; and a narrow path of travel. As a legal result of plaintiffs encountering these architectural barriers, plaintiffs had the following adverse experiences, including but not limited to:  Plaintiffs were compelled to sit in the back of the dining area in order to be out of the path of travel to the restroom so as to not have to move each time another customer needed to walk past their table to get to the restroom, which caused plaintiffs annoyance, frustration and disappointment; Plaintiffs were both unable to roll their wheelchairs underneath the table because of the round pedestal table base preventing close access, which caused both plaintiffs to sit sideways to the table making eating difficult, and which also caused plaintiffs difficulty, discomfort, annoyance and disappointment, and due to plaintiff DAREN HEATHERLY's condition, plaintiff IRMA RAMIREZ had to assist plaintiff DAREN HEATHERLY with eating which caused both plaintiffs embarrassment, frustration, annoyance, disappoint and humiliation.

///
///
///
///
///
///

18.     At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers and had the following adverse experiences in the restroom of ROYAL GROUND COFFEE: excessive door pressure; no side grab bar; water closet too low; toilet too far from wall; flush control lever is on far side of water closet; insufficient clear space; no levered hardware on lavatory; lavatory "p" trap not insulated. As a legal result of plaintiffs encountering these architectural barriers, plaintiffs had the following adverse experiences, including but not limited to: Plaintiff DAREN HEATHERLY initially observed that there was no side grab bar which caused him apprehension, anxiety and fear of the risk of personal injury that he may fall while attempting to transfer to the water closet; Plaintiff DAREN HEATHERLY attempted to transfer to the water closet, which was too low and too far from the side wall which did not have a side grab bar, he slipped and nearly fell, causing him anxiety, apprehension, fear of personal injury, frustration, annoyance, disappointment and difficulty; Plaintiff DAREN HEATHERLY had difficulty maneuvering his wheelchair in front of the lavatory because items stored in the restroom limited the amount of clear space which caused him difficulty, discomfort, annoyance, frustration and disappointment; Plaintiff DAREN HEATHERLY had difficulty operating the lavatory due to the lack of levered hardware which made it difficult to turn the water on to wash his hands, causing him annoyance, disappointment, difficulty, and struggle; Plaintiff DAREN HEATHERLY was caused apprehension, anxiety and fear of the risk of personal injury because the lavatory "p" trap was not insulated, exposing him to the risk of burns; Plaintiff DAREN HEATHERLY struggled to open the restroom door to exit due to the excessive door pressure which caused him stress, strain, difficulty, discomfort, annoyance, frustration and disappointment; Plaintiff IRMA RAMIREZ struggled to open the restroom door to enter and exit the restroom due the excessive door pressure which caused her stress, strain, discomfort, difficulty, disappointment and annoyance; Plaintiff IRMA RAMIREZ had difficulty transferring to and from the water closet due to the lack of a side grab bar and the water closet being too low and too close to the side wall; Plaintiff IRMA RAMIREZ had difficulty reaching the flush control lever because it was mounted on the inside wall of the water closet tank which caused her stress, strain, difficulty, discomfort, annoyance, disappointment and

frustration; Plaintiff IRMA RAMIREZ had difficulty maneuvering her wheelchair to and from the lavatory because items stored in the restroom limit the available clear space which caused her difficulty, frustration, annoyance and disappointment; Plaintiff IRMA RAMIREZ was apprehensive, anxious and fearful of the risk of personal injury because the lavatory "p" trap was not insulated; Plaintiff IRMA RAMIREZ had difficulty operating the lavatory due to the lack of levered hardware which caused her difficulty, annoyance, frustration and disappointment.

19.    On or about August 3, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered all of the same architectural barriers and had all of the same adverse experiences as on June 14, 2012, with the exception of: Plaintiff DAREN HEATHERLY did not attempt to transfer to the water closet because of his near fall on the June 14, 2012, while attempting to transfer; Plaintiff IRMA RAMIREZ slipped while transferring to the water closet causing her to twist her shoulder and torso, which further caused her stress, strain, struggle, discomfort, difficulty, frustration, annoyance and disappointment; neither plaintiff had to open the entrance to the restaurant as it was left open.

20.    On or about October 11, 2012, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered all of the same architectural barriers and had all of the same adverse experiences as on June 14, 2012 with the exception of: Plaintiff DAREN HEATHERLY did not attempt to transfer to the water closet because of his near fall on the June 14, 2012 while attempting to transfer; neither plaintiff had to open the entrance to the restaurant as it was left open.

21.    At said time(s) and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

22. Therefore, at said time(s) and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ , encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e., entrances, restroom, and path of travel;

    b.    lack of an accessible entrance;

    c.    lack of an accessible dining area; 5% compliance requirement;

    d.    lack of a handicapped-accessible unisex public restroom;

    e.    lack of reduced door pressure throughout;

    f.    lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

    g.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

23. Specific architectural barriers encountered by plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ at said time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiffs as stated herein, the barriers include but are not limited to:

**ENTRANCE**

•    no International Symbol of Accessability (ISA) signage

•    inaccessible entrance(s);

•    excessive door pressure throughout;

•    door knob that requires grasping;

**DINING**

•    inaccessible table seating (noncomplying pedestal);

- lack of required five (5) percent accessible seating ;

**RESTROOMS**

- noncomplying unisex restroom;
- no International Symbol of Accessability (ISA) signage;
- excessive door pressure throughout;
- toilet that is not usable as whole or in part;
- no side grab bar;
- flush control of toilet on the narrow side between wall and toilet tank wrong side;
- noncomplying water closet placement from wall;
- lavatory hardware
- lavatory "p" trap not insulated; and
- insufficient clear space.

Therefore, as a legal result of encountering each of said elements, plaintiff(s) experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

24.     At all time(s) as stated herein, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

25.     At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from full and equal opportunities afforded to non disabled persons to the goods and services of ROYAL GROUND COFFEE.

26.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ were and are deterred from returning to ROYAL GROUND COFFEE so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

27.     At said time(s) and place, when plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the architectural barriers as stated herein, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ in attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

28.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject ROYAL GROUND COFFEE.

29.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury in the general form of stress, strain, pain, and fatigue either individually or in combination of one or more.

31.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury in the general form of stress, strain, pain, and fatigue either individually or in combination of one or more.

32.     As a legal result of defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff  and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

33.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*. And, plaintiff DAREN HEATHERLY suffered bodily injury on or about June 14, 2012, August 3, 2012 and October 11, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

///

Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing Royal Ground Coffee, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the front and restroom doors, and transfer from his wheelchair to the water closet.

34.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*. And, plaintiff IRMA RAMIREZ suffered bodily injury on or about June 14, 2012, August 3, 2012, and October 11, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing Royal Ground Coffee, plaintiff suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to open the front and restroom doors, operate the flush control lever, and transfer to and from the water closet.

35.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

36. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

37. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied his/her rights to equal access to a public facility by defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, because defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to: entrance, restroom and dining area, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

38. Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

39. Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

40. Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

41.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein. Plaintiffs seek an order from this court compelling defendants to make the Royal Ground Coffee accessible to persons with disabilities.

42.     Each plaintiff, as described hereinbelow, seeks injunctive relief to require the Royal Ground Coffee to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the ROYAL GROUND COFFEE as a public facility.

43.     Plaintiff(s) believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

44.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on June 14, 2012, August 3, 2012, and October 11, 2012, and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///

///

The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

      45.    Each plaintiff is informed and believes and therefore alleges that defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, and each of them, caused the subject building(s) which constitute the ROYAL GROUND COFFEE to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the ROYAL GROUND COFFEE and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said ROYAL GROUND COFFEE and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of ROYAL GROUND COFFEE and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

46.     Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the ROYAL GROUND COFFEE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the ROYAL GROUND COFFEE accessible is further evidence of defendants' conscious disregard for the rights of plaintiffs and other similarly situated persons with disabilities.  Despite being informed of such effect on each plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for each plaintiff and other persons with physical disabilities to the Royal Ground Coffee.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

47. Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(42 U.S.C. §12101, *et seq.*)

48. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///
///
///
///
///
///
///

50. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink;

42 U.S.C. §12181(7)(B)

52. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

53. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

54.     The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ROYAL GROUND COFFEE  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

55.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

56.     On information and belief, construction work on, and modifications of, the subject building(s) of ROYAL GROUND COFFEE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

57.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

58.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each has not returned to defendants' premises since on or about October 11, 2012, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation.

Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

59. Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.** **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

60. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

61. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

///

///

///

///

1    62.    California Civil Code §54.1 provides that persons with disabilities shall not

2  be denied full and equal access to places of public accommodation or facilities:

3             (a)(1) Individuals with disabilities shall be entitled to
             full and equal access, as other members of the general public,
4             to accommodations, advantages, facilities, medical facilities,
             including hospitals, clinics, and physicians' offices, and
5             privileges of all common carriers, airplanes, motor vehicles,
             railroad trains, motorbuses, streetcars, boats, or any other
6             public conveyances or modes of transportation (whether
             private, public, franchised, licensed, contracted, or otherwise
7             provided), telephone facilities, adoption agencies, private
             schools, hotels, lodging places, places of public
8             accommodation, amusement or resort, and other places to
             which the general public is invited, subject only to the
9             conditions and limitations established by law, or state or
             federal regulation, and applicable alike to all persons.

10
             Civil Code §54.1(a)(1)
11

12    63.    California Civil Code §54.1 further provides that a violation of the

13  Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

14             (d) A violation of the right of an individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-
15             336) also constitutes a violation of this section, and nothing in
             this section shall be construed to limit the access of any person
16             in violation of that act.

17             Civil Code §54.1(d)

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1       64.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a

2   person within the meaning of Civil Code §54.1 whose rights have been infringed upon and

3   violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.

4   Each specific architectural barrier which defendants knowingly and willfully fail and refuse

5   to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Each plaintiff

6   has been and continue to be denied full and equal access to defendants' ROYAL GROUND

7   COFFEE .  As a legal result, each plaintiff is entitled to seek damages pursuant to a court or

8   jury determination, in accordance with California Civil Code §54.3(a) for each day on which

9   he/she visited or have been deterred from visiting the ROYAL GROUND COFFEE  because

10  of his/her knowledge and belief that the ROYAL GROUND COFFEE  is inaccessible to

11  persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public
> facilities as specified in Sections 54 and 54.1 or otherwise
> interferes with the rights of an individual with a disability
> under Sections 54, 54.1 and 54.2 is liable for each offense for
> the actual damages and any amount as may be determined by a
> jury, or the court sitting without a jury, up to a maximum of
> three times the amount of actual damages but in no case less
> than . . .one thousand dollars ($1,000) and . . . attorney's fees
> as may be determined by the court in addition thereto, suffered
> by any person denied any of the rights provided in Sections
> 54, 54.1 and 54.2.

Civil Code §54.3(a)

20      65.     On or about June 14, 2012, August 3, 2012, and October 11, 2012, plaintiff

21  DAREN HEATHERLY and plaintiff IRMA RAMIREZ on each of their respective visits as

22  stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN

23  HEATHERLY and plaintiff IRMA RAMIREZ each was denied access to entrance, dining

24  area and restroom and other public facilities as stated herein at the ROYAL GROUND

25  COFFEE  and on the basis that plaintiff DAREN HEATHERLY and plaintiff IRMA

26  RAMIREZ each was a person with physical disabilities.

27

28

66.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*.  And, plaintiff DAREN HEATHERLY suffered bodily injury on or about June 14, 2012, August 3, 2012, and October 11, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing ROYAL GROUND COFFEE , plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the front and restroom doors, and transfer to and from the water closet.

67.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*.  And, plaintiff IRMA RAMIREZ suffered bodily injury on or about June 14, 2012, August 3, 2012, and October 11, 2012, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing ROYAL GROUND COFFEE , plaintiff suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to open the front door and restroom door, operate the flush control lever, and transfer to and from the water closet.

1    68.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each

2    suffered emotional distress, mental distress, mental suffering, mental anguish, which

3    includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration,

4    disappointment and worry, expectedly and naturally associated with a person with physical

5    disabilities encountering architectural barrier(s) as stated herein and being denied access, all

6    to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

7    No claim is being made for mental and emotional distress over and above that is usually

8    associated with the encountering of architectural barriers and legally resulting in adverse

9    experiences.  No expert testimony regarding this usual mental and emotional distress will be

10    presented at trial in support of the claim for damages.

11    69.    Each plaintiff has been damaged by defendants', and each of their, wrongful

12    conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation

13    of each plaintiff's rights as a person or an entity that represents persons with physical

14    disabilities on or about June 14, 2012, August 3, 2012, and October 11, 2012 and on a

15    continuing basis since then, including statutory damages, a trebling of all of actual damages,

16    general and special damages available pursuant to §54.3 of the Civil Code according to

17    proof.

18    70.    As a result of defendants', and each of their, acts and omissions in this

19    regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to

20    enforce each plaintiff's rights and enforce the provisions of the law protecting access for

21    persons with physical disabilities and prohibiting discrimination against persons with

22    physical disabilities.  Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore

23    will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if

24    deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain

25    compensation for damages to plaintiffs, but also to compel the defendants to make their

26    facilities accessible to all members of the public with disabilities, justifying public interest

27    attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the

28    Code of Civil Procedure.

**III.** **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(Health & Safety Code §19955, *et seq.*)

71. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

73. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the ROYAL GROUND COFFEE  and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the ROYAL GROUND COFFEE  and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said ROYAL GROUND COFFEE  and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

74.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of ROYAL GROUND COFFEE  and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

75.     Restaurants such as the ROYAL GROUND COFFEE  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

76.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

77.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest.  Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

1  Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

2  and Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs

3  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C.

4  200(a)-3(a)).  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be

5  the prevailing party.

6   78. Each plaintiff seeks injunctive relief for an order compelling defendants, and

7  each of them, to make the subject place of public accommodation readily accessible to and

8  usable by persons with disabilities.

9  **IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(Civil Code §51, 51.5)

16   79. Plaintiffs replead and incorporate by reference, as if fully set forth again

17  herein, the allegations contained in paragraphs 1 through 78 of this complaint.

18   80. Defendants' actions and omissions and failure to act as a reasonable and

19  prudent public accommodation in identifying, removing and/or creating architectural

20  barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh

21  Civil Rights Act.  The Unruh Act provides:

22    This section shall be known, and may be cited, as the Unruh Civil Rights Act.

24    All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

26  ///

27  ///

28  ///

> This section shall not be construed to confer any right
> or privilege on a person that is conditioned or limited by law
> or that is applicable alike to persons of every sex, color, race,
> religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require
> any construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair, or modification that is otherwise required by
> other provisions of law, to any new or existing establishment,
> facility, building, improvement, or any other structure . . . nor
> shall anything in this section be construed to augment, restrict,
> or alter in any way the authority of the State Architect to
> require construction, alteration, repair, or modifications that
> the State Architect otherwise possesses pursuant to other . . .
> laws.

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-
> 336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990,

the "intent" of the defendants in not complying with barrier removal is not an issue. Hence,

the failure on the parts of defendants, as reasonable and prudent public accommodations, in

acting or failing to act to identify and remove barriers can be construed as a "negligent per

se" act of defendants, and each of them.

81. The acts and omissions of defendants stated herein are discriminatory in

nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever
> shall discriminate against, boycott or blacklist, refuse to buy
> from, sell to, or trade with any person in this state because of
> the race, creed, religion, color, national origin, sex, or
> **disability** of the person or of the person's partners, members,
> stockholders, directors, officers, managers, superintendents,
> agents, employees, business associates, suppliers, or
> customers.

> As used in this section, "person" includes any person,
> firm association, organization, partnership, business trust,
> corporation, limited liability company, or company.

///

///

///

///

1
   Nothing in this section shall be construed to require
2
any construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
3
alteration, repair or modification that is otherwise required by
other provisions of law, to any new or existing establishment,
4
facility, building, improvement, or any other structure . . . nor
shall anything in this section be construed to augment, restrict
5
or alter in any way the authority of the State Architect to
require construction, alteration, repair, or modifications that
6
the State Architect otherwise possesses pursuant to other laws.

7    82. Defendants' acts and omissions as specified have denied each plaintiff full

8 and equal accommodations, advantages, facilities, privileges and services in a business

9 establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5,

10 the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California

11 Civil Code §51, "A violation of the right of any individual under the Americans with

12 Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this

13 section."  Each plaintiff accordingly incorporates the entirety of his/her above cause of

14 action for violation of the Americans with Disabilities Act at ¶48, *et seq.*, as if repled herein.

15    83. As a result of the denial of equal access to defendants' facilities due to the

16  acts and omissions of defendants, and each of them, in owning, operating and maintaining

17 these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of

18 plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54,

19 54.1, 54.3, *et seq.*  And, plaintiff DAREN HEATHERLY suffered bodily injury on or about

20 June 14, 2012, August 3, 2012, and October 11, 2012, including, but not limited to, fatigue,

21 stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,

22 over, around and through architectural barriers. Specifically, as a legal result of defendants

23 negligence in the design, construction and maintenance of the existing ROYAL GROUND

24 COFFEE , plaintiff suffered continuous, repetitive and cumulative trauma to his upper

25 extremities while attempting to open the front and restroom doors, and transfer to and from

26 the water closet.

27

28

1    84.    As a result of the denial of equal access to defendants' facilities due to the

2  acts and omissions of defendants, and each of them, in owning, operating and maintaining

3  these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's

4  civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et*

5  *seq*.  And, plaintiff IRMA RAMIREZ suffered bodily injury on or about June 14, 2012,

6  August 3, 2012, and October 11, 2012, including, but not limited to, fatigue, stress, strain

7  and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around

8  and through architectural barriers. Specifically, as a legal result of defendants negligence in

9  the design, construction and maintenance of the existing ROYAL GROUND COFFEE ,

10 plaintiff suffered continuous, repetitive and cumulative trauma to her upper extremities

11 while attempting to open the front door and restroom door, operate the flush control lever,

12 and transfer to and from the water closet.

13    85.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ

14 each suffered emotional distress, mental distress, mental suffering, mental anguish, which

15 includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration,

16 disappointment and worry, expectedly and naturally associated with a person with physical

17 disabilities encountering architectural barrier(s) as stated herein and being denied access, all

18 to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

19 No claim is being made for mental and emotional distress over and above that is usually

20 associated with the encountering of architectural barriers and legally resulting in adverse

21 experiences.  No expert testimony regarding this usual mental and emotional distress will be

22 presented at trial in support of the claim for damages.

23    86.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are

24  entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual

25 damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as

26 well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if

27 deemed to be the prevailing party.

28 ///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.  PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive, to make the ROYAL GROUND COFFEE , located at 2342 Clement, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive, to make the ROYAL GROUND COFFEE , located at 2342 Clement, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

///
///
///
///

### III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive, to make the ROYAL GROUND COFFEE , located at 2342 Clement, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ , and Against Defendants CARL K.F. LEE, aka CARL KWOCK FON LEE and  SALLY JANE LEE, TRUSTEES of the CARL KWOCK FON LEE and SALLY JANE LEE REVOCABLE TRUST; VANG SING KHAN, an individual dba ROYAL GROUND COFFEE; and VANG SROEN, an individual, dba ROYAL GROUND COFFEE, inclusive)

(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.


Dated: February 4, 2013                    THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*


                                           By: _____/s/George S. Khoury_____
                                                Thomas E. Frankovich
                                                George S. Khoury
                                           Attorneys for Plaintiff DAREN HEATHERLY and
                                           Plaintiff IRMA RAMIREZ

/// 

/// 

///

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: February 4, 2013

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*


By: _____/s/George S. Khoury_____

Thomas E. Frankovich
George S. Khoury

Attorneys for Plaintiff DAREN HEATHERLY and
Plaintiff IRMA RAMIREZ